UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                        CASE NO. 8:08-cr-425-T-23TGW

CAREL A. PRATER
_____/

**ORDER**

    Prater serves a three hundred thirty-six month sentence for one count of interfering with the administration of the internal revenue laws of the United States, one count of aiding or assisting in the filing of a false tax return, two counts of failing to file a tax return, four counts of criminal contempt, and three counts of making a false declaration before a grand jury. The appellate court affirmed the conviction and sentence on February 27, 2012 (Doc. 250). The Supreme Court of the United States denied (Doc. 254) the petition for a writ of certiorari.

    Prater files in this criminal case three documents (Docs. 255, 256, and 257), each titled "Affidavit of inquiry made for the record, with supporting facts demanding to be informed as to which of the three constitutional provisions of jurisdiction the court and government acted under in an alleged criminal prosecution against affiant." Prater states that the answers to his inquiry "will be used as

discovery material for Affiant[']s pending Habeas Corpus Proceedings and other litigation."

The record evidences no pending habeas corpus proceeding or motion to vacate sentence. Further, Rule 6, Rules Governing Section 2255 Proceedings for the United States District Courts, provides that a party requesting discovery in connection with a pending motion under 28 U.S.C. § 2255 must first obtain leave of court and must provide reasons for the request. Prater neither moves under Section 2255 nor requests leave to conduct discovery.[*]

Accordingly, Prater's unauthorized demands for discovery (Docs. 255, 256, and 257) are **DENIED**.

ORDERED in Tampa, Florida, on October 11, 2012.

                                                   STEVEN D. MERRYDAY
                                                   UNITED STATES DISTRICT JUDGE

---

[*] Of course, even if otherwise available, discovery comprises inquiry to an opposing party or perhaps to a non-party but not to a court. In this set of (pre-printed form, fill-in-the-blank) requests, Prater seeks to advance the preposterous, discredited, and arcane notion that the United States district court is an admistrative agency that lacks jurisdiction to adjudicate a criminal case.