UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                CASE NO. 8:08-cr-425-T-23TGW

CAREL A. PRATER
_____/

**<u>ORDER</u>**

Prater serves a three hundred thirty-six month sentence for one count of interfering with the administration of the internal revenue laws of the United States, one count of aiding or assisting in the filing of a false tax return, two counts of failing to file a tax return, four counts of criminal contempt, and three counts of making a false declaration before a grand jury. The appellate court affirmed the conviction and sentence on February 27, 2012 (Doc. 250). The Supreme Court of the United States denied (Doc. 254) the petition for a writ of certiorari.

Prater previously filed in this criminal case three documents (Docs. 255, 256, and 257), each titled "Affidavit of inquiry made for the record, with supporting facts demanding to be informed as to which of the three constitutional provisions of jurisdiction the court and government acted under in an alleged criminal prosecution against affiant." Prater stated that the answers to his inquiry "will be used as

discovery material for Affiant[']s pending Habeas Corpus Proceedings and other litigation." The demands for discovery were denied (Doc. 258):

> The record evidences no pending habeas corpus proceeding or motion to vacate sentence. Further, Rule 6, Rules Governing Section 2255 Proceedings for the United States District Courts, provides that a party requesting discovery in connection with a pending motion under 28 U.S.C. § 2255 must first obtain leave of court and must provide reasons for the request. Prater neither moves under Section 2255 nor requests leave to conduct discovery.*
>
> * Of course, even if otherwise available, discovery comprises inquiry to an opposing party or perhaps to a non-party but not to a court. In this set of (pre-printed form, fill-in-the-blank) requests, Prater seeks to advance the preposterous, discredited, and arcane notion that the United States district court is an administrative agency that lacks jurisdiction to adjudicate a criminal case.

Prater now files the following:[1]

Doc. 259 "Commercial Affidavit Demand, Claim and Complaint"
       ("Respondents/Defendants: Steven D. Merryday, Thomas Wilson, Robert Monk, Michelle Peterson")

Doc. 260 "Affidavit–Commercial Affidavit True Bill"

---

[1] Each document was hand delivered to the Clerk's Office in Tampa, Florida, by Ms. Brenda Vicario, and each document contains on its first page the notation:

    Mr. Carel A. Prater c/o
    Mrs. Brenda Vicario
    7915 Woodpointe Ct.
    Sarasota, FL. 34238
    Notary Acceptor

Each document is purportedly signed by Carel A. Prater, who serves his sentence at the Federal Correctional Institution in Jesup, Georgia. The signatures are undated and each document omits a certificate of service.

Each document contains an incomplete and misleading "Acknowledgement" or a "Notarial Acknowledgement" signed by Brenda Vicario and dated either November 13 or November 15. Florida law prohibits the notarization of a signature without the person's actual presence before the notary.

      ("Respondents/Libelees: FBi and Agent John Osa, Iris and Norm Meadows, Marshalls US Service–Tampa")

- Doc. 261 "Affidavit–Commercial Affidavit True Bill"
  ("Respondents/Libelees: Eric Holder, Dept. of Justice, United States of America")

- Doc. 262 "Affidavit–Commercial Affidavit True Bill"
  ("Respondents/Libelees: Judge Merryday, Thomas Wilson W, Robert Monk, Michelle Peterson Attorney")

- Doc. 263 "Commercial Affidavit of Inquiry and Notice"
  ("Respondents: Judge Merryday, Thomas Wilson W, Robert Monk, Michelle Peterson Attorney")

- Doc. 264 "Commercial Affidavit of Inquiry and Notice"
  ("Respondents: Eric Holder, Dept. of Justice, United States of America")

- Doc. 265 "Commercial Affidavit of Inquiry and Notice"
  ("Respondents: FBi and Agent John Osa, Iris and Norm Meadows, Marshalls US Service-Tampa")

- Doc. 266 "Commercial Affidavit of Demand, Notice and Claim A True Bill"
  ("Respondents/Defendants: Judge Merryday, Thomas Wilson W, Robert Monk, Michelle Peterson Attorney")

- Doc. 267 "Commercial Affidavit of Demand, Notice and Claim A True Bill"
  ("Respondents/Defendants" Eric Holder, Dept. of Justice, United States of America")

- Doc. 268 "Commercial Affidavit of Demand, Notice and Claim A True Bill"
  ("Respondents/Defendants: Fbi and Agent John Osa, Iris and Norm Meadows, Marshalls US Service-Tampa")

In Document 259, Prater refers to the district court as a "Title 28 USC § 89 Administratively promulgated commercial Tribunal" without "Criminal subject matter jurisdiction"; "demands [] information concerning critical material facts which could serve to exonerate [the named "Respondents/Defendants"] from any wrong doing"' and states, among other things, (1) that he is "falsely imprisoned,"

(2) that the assigned judge has "engaged in blatant false hoods and a chain of intentional misrepresentations, avoidance's misconstructions and omissions . . . which constitute perjury and criminal concealment of material facts," (3) that the assigned judge has "committed criminal perjury and fraud on the record," (4) that "[t]his is Affiant's final good faith attempt to settle this matter before executing actions against [the named "Respondents/Defendants"], and (5) that Prater "provides the Respondents/Defendants Ten Days (10 days) in which to comply with this demand [] for information."

Prater advises (1) that a failure to respond to his demand for information "constitutes [] willing admissions and default in accordance with Notice and Default provisions below set forth" and (2) that, as explained in the included "self-executing Security Agreement/Contract," should the "Respondents/Defendants" fail to respond to Prater's demand for information, Prater would recover forty million dollars under "UCC §§ 1, 4, and 9."

Documents 260, 261, and 262 state that, "This is a self executing security agreement per UCC 9 and UCC 4 upon default of respondents judgments and admissions nihil dicit, res judicata, via tacit procuration estoppel by acquiescence."

Documents 263, 264, and 265 state that, "This is a self executing security agreement/contract triggered upon default of respondents pursuant to the herein included fault clause and UCC §§ 1, 4, and 9.  This document and all actions arising

- 4 -

therefrom are executed under the American common law and the commercial law, per UCC §§ 1-103 and 1-301."

Documents 266, 267, and 268 state that, "This is a true bill self executing security agreement contract pursuant to UCC §§ 1, 4, and 9, triggered by default of respondents, self default notice."

As explained in *United States v. Ornelas*, 2010 WL 4663385 (S.D. Ala. Nov. 9, 2010):

> Prisoners have sporadically attempted to foist such frivolous, irrational, unintelligible UCC-related arguments on federal district courts for years. Such efforts (which broadly fall under the theory of "redemption") have uniformly been rejected in summary fashion, and may subject their filers to prosecution should they proceed to file frivolous bonds, liens or default notices against government officials involved in defendants' incarceration. *See, e.g., Luster v. United States*, 2010 WL 3927786, *2 (M.D. Ga. Apr. 13, 2010) ("Petitioner's references to the Uniform Commercial Code and commercial transactions provided no relief from his criminal conviction and sentence for bank robbery to which he pleaded guilty."); *Marshall v. Florida,* 2010 WL 1248846, *1 n. 2 (S.D. Fla. Feb. 1, 2010) ("Redemption is an anti-government scheme that utilizes commercial law to harass and terrorize its targets. It is increasingly popular among prison populations. The theory advocates that an individual can 'redeem' himself through the filing of commercial documents. Federal authorities have successfully prosecuted perpetrators of these schemes under various criminal statutes.") (citations omitted); *Black v. Florida*, 2009 WL 1605410, *3 (N.D. Fla. June 4, 2009) ("Petitioner's use of language from the Uniform Commercial Code, inapplicable to criminal proceedings, is also unavailing."); *United States v. Joseph*, 2008 WL 3929583, *3 (M.D. Ga. Aug. 21, 2008) (rejecting criminal defendant's pleadings as a "mysterious mix of catch phrases from the Uniform Commercial Code and Maritime Law"); *Jordan v. United States*, 2007 WL 3005326, *4 (M.D. Ga. Oct. 12, 2007) (defendant's "assertions of the applicability of the Uniform Commercial Code, his personal sovereignty, and his copyright to his name are incorrect, irrelevant, and immaterial to his criminal prosecution, conviction and sentence"); *Hardin v. Michigan Dep't of Corrections*, 2007 WL 1975102,

*6 (W.D. Mich. Mar. 28, 2007) ("The abusive practice of petitioners filing baseless liens and/or UCC financing statements for the purpose of harassment and credit impairment of the alleged debtor (almost always a state or federal official involved with securing the prisoner's incarceration) is well documented."); *United States v. Mitchell*, 405 F. Supp. 2d 602, 604–05 (D. Md. 2005) (pointing out that such arguments "have been summarily rejected" in criminal cases around the country, inasmuch as "the U.C.C. has no bearing on criminal subject matter jurisdiction" and defendant's arguments are rooted in "the antics and writings of extremists who wish to disassociate themselves from the social compact undergirding this nation's democratic institutions").

Documents 259, 260, 261, 262, 263, 264, 265, 266, 267, and 268 warrant no further discussion and are **STRICKEN**. The Clerk is directed to delete the images from the record. Prater's demand "for information" is **DENIED**.[2]

ORDERED in Tampa, Florida, on November 20, 2012.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[2] Judge Steele notes in *Ornelas*, that a prisoner who registers frivolous liens, UCC notices, or bonds against a state or federal official involved in the prisoner's conviction, may "invite prosecution for obstruction of justice or other and further criminal charges as did defendants in many of the cases cited above who engaged in similar baseless acts of harassment and intimidation under the guise of the Uniform Commercial Code. *See, e.g., United States v. Talley*, 2007 WL 2208811, *1 (N.D. Fla. July 27, 2007)." *Ornelas* at *2.

- 6 -