UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                              CASE NO. 8:08-cr-425-T-23TGW

CARL A. PRATER
_____/

### O R D E R

Prater serves a three hundred thirty-six month sentence for one count of interfering with the administration of the internal revenue laws of the United States, one count of aiding or assisting in the filing of a false tax return, two counts of failing to file a tax return, four counts of criminal contempt, and three counts of making a false declaration before a grand jury.  Prater's conviction and sentence were affirmed on December 22, 2011 (Doc. 250), and a petition for a writ of *certiorari* was denied on June 25, 2012.  (Doc. 254)  As a consequence, the one-year limitation for filing a Section 2255 motion expired on June 25, 2013.

Prater requests an extension of time to file a motion to vacate under 28 U.S.C. § 2255.  (Doc. 273)  The request is dated the same day as the limitation deadline. Prater represents that he "has no money in his account" and that "he has no stamps to mail his 2255" (of course, the postage required to mail the present motion for an extension of time would have sufficed to timely mail the Section 2255 motion).

The limitation applicable to Prater's Section 2255 motion commenced in June, 2012.  In October, 2012, Prater filed three affidavits (Doc. 255, 256, and 257), which were denied (Doc. 258) as unauthorized demands for discovery.  The following month Prater filed ten affidavits (Doc. 259-268) purporting to use the Uniform Commercial Code ("UCC") to show that the district court lacks jurisdiction over his criminal case.  Each was stricken and each image was removed from the record. (Doc. 269)  On June 7, 2013, which is only two weeks before expiration of the applicable limitation, Prater paid for postage to send by certified mail another frivolous UCC notice (Doc. 270), which was stricken.  (Doc. 272)  Additional frivolous UCC notices, which Prater directed to chambers and which Prater did not file with the clerk, were rejected and the clerk was directed to neither docket not retain the papers.  Ten days later Prater claims indigency and an inability to file a Section 2255 motion to vacate because he lacks stamps and money.

Prater cites no authority, and this court is aware of no authority, that permits a district court to enlarge the statutory time to file a motion to vacate.  Accordingly, Prater's motion for an extension of time (Doc. 273) to file a Section 2255 motion to vacate is **DENIED**.

ORDERED in Tampa, Florida, on September 24, 2013.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE